MILLER & SAYERS v. WINFREE SONS & MAUPIN.

(No. 3111.)

ERROR from Gonzales County. Opinion by DAVIDSON, J.

HARWOOD & HARWOOD and FLY & O'NEAL, counsel for plaintiffs in error.

GLASS & BURGESS, counsel for defendants in error.

§ 228. *Bona fide purchaser without notice; conversion; facts which did not constitute; estoppel, facts constituting; case stated.* The suit was on open account filed in justice's court, precinct No. 1, of Gonzales county, by Winfree Sons & Maupin, plaintiffs below, against Miller & Sayers, for taking and converting to their own use a bill of tobacco of the alleged value of $155.57, shipped to J. F. Laird, a country merchant at Wrightsboro, in Gonzales county. Defendants, by their oral plea, pleaded "general denial" and that they purchased the tobacco in good faith from J. F. Laird for a valuable consideration, without notice of plaintiffs' claim, and that plaintiffs were estopped by their acts from setting up a claim of ownership to the said tobacco. The case was tried before a jury on August 26, 1890, and resulted in a verdict for the plaintiffs for the amount claimed on their account, and judgment was rendered accordingly. From this judgment defendants Miller & Sayers appealed to

the county court of Gonzales county, when the cause was again tried on the 4th day of December, 1890, before a jury, and also resulted in a judgment for plaintiffs for the amount claimed in their account. Judgment was rendered against the plaintiffs in error in the county court, and from this judgment they prosecute their writ of error to this court. The tobacco had been in possession of Laird from about November 1, 1889, till February 13, 1890, at which time plaintiffs in error became the purchasers of Laird's stock of goods, including the tobacco in question. Plaintiffs proposed to prove that they had no notice of ownership or claim of ownership on the part of defendants in error to the tobacco at the time of their purchase, and, upon objection, were not permitted to do so. This testimony was sought from T. F. Harwood and James T. Miller. Harwood was the attorney who received the goods of Laird for Miller & Sayers, Miller being one of the purchasers. Defendants in error admitted on the trial that Miller & Sayers were purchasers in good faith of the stock of goods, and the goods were in the house of Laird when purchased by Miller & Sayers, and when received by them. Under this state of case, it was clearly legitimate for the plaintiffs in error to prove want of notice on their part of any claim or right the defendants in error may have had in and to the tobacco in question. Miller & Sayers having purchased the goods in good faith from the apparent owner, the question of notice became one of importance to their rights in the trial of the cause. The evidence was clearly admissible. This is more clearly so from the fact that defendants in error had on several occasions disavowed their ownership of the tobacco. They had refused to receive back the tobacco, threatening alternately to hold Laird and the railroad liable for its value. Plaintiffs in error requested a special instruction upon the question of estoppel on the part of the defendants in error, which was refused.

The facts show Laird ordered the tobacco, but, on account of the delay in its reaching him, he rejected it. This was assented to by defendants in error, and the tobacco lay for some time in the depot, twelve miles away from Laird's business house. Through some mistake of Laird's teamster, the tobacco was hauled to and put in Laird's store-house. Laird immediately notified defendants in error of the mistake, and, asking for instructions, was notified by them that he would be held liable for the bill of tobacco, and that the driver had conveyed the same to his business house. Laird replied that he could sell the following spring if they would wait on him for pay till the fall of 1890. This was about the middle of December, 1889. The tobacco remained in Laird's store-house, with his other goods, till February 18, 1890, when he sold it to Miller & Sayers, and they paid him for it. The court should have given the requested charge, submitting the law of estoppel. It was clearly demanded by the state of case. Defendants in error, when they shipped the tobacco from their factory, prepaid the freight charges and drayage, amounting to $9.77. Miller & Sayers were held liable for converting this sum of money also. It was paid in Lynchburg, Virginia. Miller & Sayers took possession under a sale to them in Wrightsboro, Gonzales county, Texas. If Miller & Sayers are liable at all, their liability would be based upon the theory of a conversion of the property. The damages in such a case would be the value of the goods converted at the time and place of conversion. As presented in the record in this case, they would not be liable for the freight charges and drayage. The account sued on excluded that idea. The court did not err in refusing requested instructions as to the rescission of the contract with Laird by defendants in error, and their right to sue the railway company. The claims asserted by defendants in error as to the responsibility of the railway to them for the value of the tobacco were facts bearing

upon the question of estoppel of defendants in error from asserting a claim for the goods as against Miller & Sayers, and strongly tends to, if it does not, show conclusively that they did not regard the tobacco as theirs, but as having passed from them to another party. This phase of the evidence relates to the question of estoppel.

March 14, 1891.                Reversed and remanded.